UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAURA SANDT-MIKA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 07 C 2055 |
| ) | |
| SBC DISABILITY INCOME ) | Magistrate Judge |
| PLAN, ) | Geraldine Soat Brown |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD

The plaintiff, by her attorney, Stephen B. Horwitz, hereby moves for judgment on the administrative record, and that the judgment in her favor, and against the defendant, SBC Disability Income Plant (the Plan), order the Plan to award plaintiff short term disability benefits for the seven month period between October 19, 2005, through May 20, 2006. In support of this motion plaintiff states as follows:

1. After having exhausted internal procedures under the Plan, plaintiff instituted this action under § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), to recover short term disability benefits.

2. Notwithstanding the Plan's discretionary authority to make eligibility determinations, the Plan's decision, dated February 20, 2006 (Administrative Record [AR] 71-72), denying plaintiff's application for short term disability benefits, was arbitrary and capricious.

3. The Plan failed to give any weight to the evidence in plaintiff's favor because the Plan completely ignored the diagnosis by plaintiff's treating psychiatrist that plaintiff suffered from major depressive disorder, and, instead, the Plan considered plaintiff's ailment to be acute

stress reaction. *See, Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003) ("Plan administrators, of course, may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician"); *Halpin v. W.W. Grainger*, 962 F.2d 685, 690, 695 (7th Cir. 1992) ( "the administrator must weigh the evidence for and against [the applicant] . . . [and] the reasons for rejecting evidence must be articulated if there is to be meaningful appellate review").

4. The Plan's denial of short term disability benefits is based on a non-existent mental health paradigm whereby the Plan superimposed a pattern of symptomatology wholly inapposite to the plaintiff's condition of major depressive disorder. For a denial of benefits to be upheld, even under the arbitrary and capricious standard, the plan administrator must have "based its decision on a consideration of the relevant factors that encompass the important aspects of the [medical] problem." *Sisto v. Ameritech, supra*, 429 F.3d 698, 700 (7th Cir. 2005).

5. The denial letter includes the cryptic assertion that while "some findings are referenced, none are documented to be as severe as to prevent you from performing the duties of you job as a Manager of Quality M&P." (AR 72.) Since a Plan must provide a "reasoned explanation based on the evidence," the incomprehensibility of this sentence – what findings, how can something be referenced but not documented – renders the denial as arbitrary and capricious under ERISA § 503(1), which mandates that a denial of a claim "shall set[] forth the specific reasons for such denial, written in a manner calculated to be understood" by the applicant.

For these reasons, as well as those set forth more fully in plaintiff's supporting memorandum, plaintiff's motion for judgment on the administrative record should be granted.

Respectfully submitted,

*Stephen B. Horwitz*
Stephen B. Horwitz
Plaintiff's Attorney

Sugarman & Horwitz
221 N. LaSalle Street, Suite 626
Chicago, Illinois 60601
312-629-2920